[See Case No. 14,487.]

---

## Case No. 14,486.
### UNITED STATES v. BABCOCK.
[3 Dill. 577.] [1]

Circuit Court, E. D. Missouri. 1876.

PRACTICE — RELATIVE FUNCTIONS OF COURT AND JURY.

1. The testimony being closed, the defendant moved for a peremptory direction to the jury to acquit the defendant. *Held,* that the motion must be denied, first, because there are material facts in the case, depending upon the weight of evidence and the credibility of witnesses which are in dispute; second, because the proper inferences to be drawn from the evidence were not certain, necessary or undisputed.

[See Babcock v. Terry, Case No. 702.]

[Cited in State v. Foot You (Or.) 32 Pac. 1036.]

2. Relative functions of the court and jury stated, and the cases in the supreme court of the United States, cited.

The testimony in the case being closed, the defendant's counsel moved that the court instruct the jury that, there being no evidence, or no sufficient evidence to convict the defendant [Orville E. Babcock], it was their duty to return a verdict of not guilty.

[See Cases Nos. 14,484 and 14,485.]

This motion was argued by Messrs. Porter and Storrs, for defendant, and by Messrs. Dyer and Broadhead, for the United States, and was submitted to the court, which, after taking a recess for an hour for its consideration, gave thereon the following opinion.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. The testimony on both sides being closed, the defendant's counsel moved the court for a peremptory direc-

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

tion to the jury to acquit the defendant. The case which the government seeks to make against the defendant is one which largely, if not wholly, depends upon circumstantial evidence, which it claims shows that the defendant had criminal knowledge of the conspiracy to defraud the revenues in St. Louis, and that he participated in that conspiracy. The government has sought to implicate him, mainly by certain telegraphic dispatches, to and from him, and by the testimony of Everest as to the mailing of a letter, under circumstances which the counsel for the government maintain would authorize the jury, not standing alone, but in connection with the other facts in evidence, to infer that it contained a five hundred dollar bill, and that it was sent to and received by the defendant for guilty purposes.

The present motion involves a question as to the relative functions of the court and jury which is of great importance. Undoubtedly the court is the judge of the law in criminal as well as in civil cases, and the jury are bound to then receive and apply the law as expounded by the court in the one class of cases the same as in the other.

A motion of the character of the one here made is well known to the practice in the federal courts. "It is equivalent" says the supreme court of the United States, "to a demurrer to the evidence." "It answers the same purpose, and should be tested by the same rules. A demurrer to the evidence admits, not only the facts therein stated, but also every conclusion which a jury might fairly or reasonably infer therefrom." Schuchardt v. Allens, 1 Wall. [68 U. S.] 359, 370. In deciding the present motion, it must be assumed that all the evidence in the case is true, and that the witnesses are all credible, for if there are questions relating to the credibility of witnesses, or if what the evidence proves depends upon the credibility of witnesses, or upon the proper deduction to be drawn from the evidence—these are questions, not for the court, but for the jury under the direction of the court. Counsel have referred to cases in which some courts may have interfered with the province of the jury in a manner which it might be difficult to reconcile with the views above expressed; and particularly to the cases of U. S. v. Anthony [Case No. 14,460], and U. S. v. Fullerton [Id. 15,176]. We do not think it necessary to pass upon the soundness of the decisions in those cases. The case against Fullerton is too briefly reported to enable us to judge exactly of its circumstances or precisely on what principle it was taken from the jury. But it is on the present occasion unnecessary to go into a review of the cases in the inferior courts, or of cases determined in the state courts, since the principles which must guide us have been settled by the supreme court of the United States, whose judgments have in this court the force of authority.

The doctrine of the supreme court of the United States is well shown in Hickman v. Jones, 9 Wall. [76 U. S.] 197. This was a case of malicious prosecution, in which the court peremptorily instructed the jury to acquit two of the defendants. In holding this to have been erroneous, under the circumstances, the supreme court of the United States says: "There was some evidence against most of them: whether it was sufficient to warrant a verdict of guilty, was a question for the jury under the instruction of the court. The learned judge mingled the duty of the court and jury, leaving to the jury no discretion but to obey the direction of the court. Where there is no evidence, or such a defect in it that the law will not permit a verdict for the plaintiff to be given, such an instruction may be properly demanded, and it is the duty of the court to give it. To refuse is error. In this case the evidence was received without objection, and was before the jury. It tended to maintain, on the part of the plaintiff, the issue which they were to try. Whether weak or strong, it was their right to pass upon it. It was not proper for the court to wrest this part of the case, more than any other, from the exercise of their judgment. The instruction given overlooked the line which separates two separate spheres of duty. Though correlative, they are distinct, and it is important to the right administration of justice that they should be kept so. It is as much within the province of the jury to decide questions of fact, as of the court to decide questions of law. The jury should take the law as laid down by the court, and give it full effect. But its application to the facts —and the facts themselves—it is for them to determine. These are the checks and balances which give to the trial by jury its value. Experience has approved their importance. They are indispensable to the harmony and proper efficacy of the system. Such is the law. We think the exception to this instruction was well taken."

The supreme court, in cases where the facts are not controverted, and where the inference to be drawn from them is certain, necessary, and undisputed, or where there is no evidence tending to establish a necessary element in the case, has held that the trial court may peremptorily direct what verdict shall be given. Bevans v. U. S., 13 Wall. [80 U. S.] 56; Klein v. Russell, 19 Wall. [86 U. S.] 433; Insurance Co. v. Baring, 20 Wall. [87 U. S.] 159. The distinction between cases which fall within the rule first stated, and those which are for the decision of the jury, is well illustrated in Railroad Co. v. Stout, 17 Wall. [84 U. S.] 657. In this case the supreme court hold that where in any case it is a matter of judgment and discretion, of sound inference, what is the deduction to be drawn from even undisputed facts; where different men equally sensible and equally impartial would make different inferences—

such cases the law commits to the decision of the jury, under instructions from the court.

The motion here made must, in our judgment, be denied for two reasons, first, there are facts which are not undisputed—for example, those relating to the letter testified to by Everest and Magill; second, the proper inferences to be drawn from the telegrams and other facts are not so clear and certain, that the court can decide their effect as a matter of law. The doctrine contended for by the learned counsel for the defendant, if applied to this case, would require this court to disregard the well-settled rules laid down by the United States supreme court in the case of Hickman v. Jones, above cited, in which that tribunal holds that the constitutional province of the jury, under instructions from the court, extends to the right to decide upon issues of fact in a weak case as well as in a strong case.

It is not to be inferred by the jury from the overruling of this motion, or from anything we have said, that the court expresses any opinion as to the weight or force of the testimony in the case. The only point we decide is, that it is not our right to take the case as it stands from the jury. At the proper time the court will instruct the jury as to the legal rules, in the light and by the guidance of which they will analyze the evidence before them, and determine the weight to be given to it and the several parts thereof. Motion denied.

[Subsequently, at a trial before a jury, a verdict was rendered for the defendant. Case No. 14,487. See, also, Id. 16,594.]